**ARLINGTON HOTEL AND MOTEL ASSOCIATION et al., Appellants,**

**v.**

**HOWARD JOHNSON, INC., OF TEXAS et al., Appellees.**

No. 16682.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 3, 1965.

Rehearing Denied Jan. 7, 1966.

Tilley, Hyder & Law, and Robert M. Randolph and Thos. M. Law, Fort Worth, for appellant.

Brown, Herman, Scott, Young & Dean, and Ardell M. Young, Fort Worth, for Howard Johnson, Inc. of Texas.

**556**

Strasburger, Price, Kelton, Miller & Martin, and Mark Martin and Robert H. Thomas, Dallas, for Irvue Corp.

Locke, Purnell, Boren, Laney & Neely, and Charles G. Purnell and Joe H. Staley, Jr., Dallas, for Texas Turnpike Authority.

RENFRO, Justice.

Suit was brought by Arlington Hotel and Motel Association against Texas Turnpike Authority, Howard Johnson, Inc., of Texas, and Irvue Corporation for a declaratory judgment construing Art. 6674v, Vernon's Ann.Civ.St., and for an injunction to prohibit defendants from operating a motel on the right-of-way of the Dallas-Fort Worth Turnpike.

From the twelve page petition of plaintiffs, we summarize as follows: Pursuant to Art. 6674v, the Texas Turnpike Authority has constructed a turnpike known as the Dallas-Fort Worth Turnpike; on September 8, 1955, the owners of a certain tract of land, under threat or imminence of condemnation, conveyed by warranty deed said land to the Authority, for the purpose of erecting, maintaining, repairing and operating thereon a controlled access toll turnpike as defined in, permitted by, and in accordance with the provisions of Acts of 1953, 53rd Leg., Ch. 410; in August, 1964, the Authority entered into an agreement with Howard Johnson, Inc., whereby Johnson agreed to construct a 100 room Motor Hotel on a part of the land mentioned above; and thereafter Johnson subleased said tract to Irvue Corporation; that each of plaintiffs operates a hotel or motel for accommodation of the public in close proximity to the tract involved; operation of a motel by defendants would, because of easy access, give defendants an unfair advantage for patronage of Turnpike users; such competition would cause plaintiffs severe economic loss in the operation of their hotels and motels and such loss would be peculiar and special to plaintiffs and would not be an economic loss suffered by the general public.

Plaintiffs did not seek damages.

The grantors in the deed to the Authority were not parties to the suit.

The petition does not show that any of plaintiffs ever owned any interest in the land conveyed to the Authority.

All defendants filed motions to dismiss plaintiffs' suit.

No evidence was introduced.

Based on the pleadings and motions, the court dismissed as to all defendants.

Plaintiffs on appeal contend the test of justiciable interest, or "standing to sue", is whether plaintiffs have sustained damages special to themselves over and above that suffered by the public generally. They rely mainly upon Williams v. Davidson, 43 Tex. 1, as supporting their position in the instant case.

Plaintiffs contend the Authority-Johnson-Irvue leases invalid because (1) they contemplate use of land taken under imminence of condemnation for purposes other than those permitted by Section 8, Art. 6674v, and (2) contemplate a building which cannot reasonably be deemed necessary to the operation of a turnpike project.

The caption of the Act creating the Turnpike Authority recites the creation of the Authority as a body politic and agency of the state. Section 3 of the Act constitutes the Authority an agency of the State of Texas and provides that the exercise by the Authority of the powers conferred by the Act shall be deemed and held to be an essential governmental function of the state.

Section 1 of the Act authorizes the Authority to issue turnpike bonds, payable solely from the revenues of the project. Section 2 prohibits the Authority from incurring obligations which can not be serviced from tolls or revenues realized from operating its projects.

Section 8 provides that the Authority may not condemn any land except such as

necessary for road and right-of-way purposes.

Section 12, however, authorizes the Authority "to contract with any person, partnership, association or corporation desiring the use of any part thereof, including the right-of-way adjoining the paved portion, for placing thereon gas stations, garages, stores, *hotels,* restaurants, or for any other purpose except (not material here) * * * and to fix the terms, conditions, rents and rates of charges for such use." (Emphasis added.)

■ The action of the Authority in leasing land for motor hotel purposes on land acquired by the Authority by purchase was within the rights given the Authority by the statute creating the Turnpike Authority.

■ The action of the Authority was a governmental function carried out by an administrative agency.

■ In City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788 (1951), the Supreme Court held: "When the legislature creates an administrative agency, the legislature may prescribe rules and regulations governing the administrative body and the method by which the rights determined by such body shall be enforced. Judicial review of administrative action may be specifically provided, Fire Dept. of City of Ft. Worth v. City of Ft. Worth, 147 Tex. 505, 217 S.W.2d 664, or specifically denied by the legislature, but even where judicial review is specifically provided it will be denied if the legislature requires the court to substitute itself for the administrative body and perform purely administrative acts. Board of Equalization of City of Fort Worth v. McDonald, 133 Tex. 521, 129 S.W.2d 1135; Fire Dept. v. City of Ft. Worth, supra. Or the legislature may simply be silent upon the subject. Although the legislature specifically denies judicial review, decisions of an administrative body may be attacked

in court if they violate some provision of the State or Federal Constitution. Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L.R. 1116; Rowland v. City of Tyler, Tex.Com.App., 5 S.W.2d 756. But all other decisions of such an administrative body which do not affect vested property rights or otherwise violate some constitutional provision are valid, and the mere fact that the legislature has denied judicial review does not invalidate them. Switchmen's Union of North America v. National Mediation Bd., 320 U.S. 297, 64 S.Ct. 95, 88 L. Ed. 61; Texas Highway Commission v. El Paso Bldg. & Const. Trades Council, 149 Tex. 457, 234 S.W.2d 857. The corollary of this proposition is that the courts should recognize an inherent right of appeal from an administrative body created by an act silent on the question of appeal only where the administrative action complained of violates a constitutional provision."

In Texas Turnpike Authority v. Shepperd, 154 Tex. 357, 279 S.W.2d 302 (1955), wherein the Authority sought a writ of mandamus directing the Attorney General to approve Turnpike revenue bonds, the Attorney General challenged he constitutionality of the Act creating the Turnpike Authority. After discussing all points raised by the Attorney General, the court concluded: "We find nothing in our State Constitution that expressly or by necessary implication prohibits the Legislature from enacting the statute here under consideration."

■ This leads us to the conclusion that plaintiffs, having no vested rights in the land in question or the use to which it was made available, had no justiciable interest such as would give them a right to a permanent injunction preventing defendants from operating a motor hotel.

■ All parties have filed able and helpful briefs. We do not undertake to discuss all the arguments made by the various parties. Suffice it to say that since the

Turnpike Authority was acting as a governmental agency under statutory authority and not in contravention of the Constitution, its act in leasing the land in question could be attacked by plaintiffs only if they had a vested right to protect. They had no such right and pleaded none.

Under the pleadings and the statute, the holding in Hancock is applicable rather than the holding in the Davidson case.

Affirmed.