

# The Attorney General of Texas

November 15, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 180
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mr. B. L. DeBerry
Engineer-Director
State Department of Highways
 &amp; Public Transportation
Austin, Texas   78701

Opinion No. H-1091

Re:  Validity of leases
of property owned by the
Texas Turnpike Authority.

Dear Mr. DeBerry:

You have requested our opinion regarding the validity of certain leases on property owned by the Texas Turnpike Authority.

In 1964, the Texas Turnpike Authority entered into two lease contracts for the operation of motel and restaurant facilities on right-of-way adjoining the Dallas-Fort Worth Turnpike.  Each lease purports to run for a primary term ending in 1995, and each lessee is granted an option to renew for an additional 20-year period.  It is undisputed that the Turnpike Authority was empowered to lease its right-of-way for hotel and restaurant purposes under the provisions of section 12 of article 6674v, V.T.C.S.  Arlington Hotel & Motel Ass'n v. Howard Johnson, Inc. of Texas, 397 S.W.2d 555, 557 (Tex. Civ. App. -- Fort Worth 1965, writ ref'd n.r.e.).

Section 19 of article 6674v provides, in pertinent part:

> When all bonds issued under the provisions of this Act in connection with any Turnpike Project, and the interest thereon shall have been paid or a sufficient amount for the payment of all such bonds and the interest thereon to the maturity thereof or for the redemption thereof, shall have been set aside in trust for the benefit of the bond-holders, such Project, if then in good condition and repair to the satisfaction of the State Highway Commission, shall become part of the State Highway Commission and shall thereafter be maintained by the State Highway Commission, free of tolls . . . . When the bonds issued to finance a Turnpike

Project are fully paid and the Turnpike
Project has been accepted by the State
Highway Commission as provided for in this
Section 19, within one (1) year from date
of acceptance of said Project, including
all the installations thereon, excepting
only the road bed and highway sections, the
State Highway Department shall advertise
for public sale all of said installations
which may have been acquired as provided
in Section 12 hereof, and shall receive
sealed bids therefor.  It may reject any
or all bids but shall dispose of all such
properties within two (2) years after
accepting title to the Turnpike Project.

The 65th Legislature recently added section 17a to article 6674v,
directing that the Dallas-Fort Worth Turnpike shall become toll
free by December 31, 1977, and requiring that the Authority

effectuate a plan for an orderly transi-
tion of the Dallas-Fort Worth Turnpike
to the State Department of Highways and
Public Transportation on the date when
tolls are lifted.

Acts 1977, 65th Leg., ch. 97, at 196.  You state that final
redemption of outstanding bonds is presently scheduled for
January 2, 1978, and that the facility is expected to be trans-
ferred to the Department on that date.  You first ask whether
the leases previously executed by the Turnpike Authority will
remain in effect thereafter.

Both of the lease contracts contain the following language:

Lessor's title and covenants result from
the authorization in Article 6674v, Vernon's
Revised Civil Statutes of Texas, being
Chapter 410, Acts of 1953, Fifty-Third
Legislature of the State of Texas, Regular
Session; and the terms of certain Trust
Agreement securing the Dallas-Fort Worth
Turnpike Project bonds issued pursuant to
such Article 6674v, and Lessor's covenants
extend only to the extent of the obliga-
tions lawfully permitted Lessor under said
Act and said Trust Indenture, and the fore-
going covenants and warranties shall not be
construed so as to extend beyond the date

> of payment or lawful provision for payment
> of all presently outstanding or hereafter
> authorized and issued Turnpike Revenue Bonds.

(Emphasis added).  In our opinion, this limitation extends to each of the "covenants" made by lessor, including the designation of the primary term of the lease and the option to renew. Whether or not this result is required by the provisions of article 6674v, we believe it is compelled by the clear language of the lease itself.  Accordingly, the leases at issue here must be held to terminate upon the redemption of all outstanding Turnpike Revenue bonds.

You also ask whether the Department may sell the motel tract "upon the basis that the State of Texas holds fee simple title to the entire premises."  The Texas Turnpike Authority is a state agency, and holds all property as an agent of the State of Texas.  Dobbins v. Texas Turnpike Authority, 496 S.W.2d 744, 747 (Tex. Civ. App. -- Texarkana 1973, writ ref'd n.r.e.). Article 1291, V.T.C.S., provides:

> Every estate in lands which shall . . .
> be granted, conveyed or devised to one
> although other words heretofore necessary
> at common law to transfer an estate in fee
> simple be not added, shall be deemed fee
> simple, if a less estate be not limited by
> express words or do not appear to have been
> granted, conveyed or devised by construction
> or operation of law.

Both of the leases under consideration here recite that the Turnpike Authority "is seized in fee to the title" of the property, and no evidence has been presented which would support a contrary view.  Since the Authority, as agent for the State of Texas, presently holds title to the motel tract in fee simple, the Department, after transfer, will likewise hold title in fee simple and may sell the tract on that basis.

Your final question is whether the Department may advertise the tracts for sale prior to the time it assumes custody thereof.  Section 19 requires the Department to advertise turnpike installations for public sale after a "Turnpike Project has been accepted by the State Highway Commission," and to do so within one year thereof.  We do not believe that the language of section 19 can be construed to permit such advertising prior to the date on which the Department assumes custody of the project.  In our opinion, therefore, the Department may not advertise the tracts in question for sale until after the Department has assumed custody of the Dallas-Fort Worth Turnpike.

## S U M M A R Y

Lease contracts executed by the Texas
Turnpike Authority regarding hotel and
restaurant facilities on the Dallas-
Fort Worth Turnpike terminate upon the
redemption of all outstanding Turnpike
Revenue bonds.  After transfer of the
Dallas-Fort Worth Turnpike Project to the
State Department of Highways and Public
Transportation, the Department may sell
the installations on the basis that the
State of Texas holds fee simple title
thereto.  The Department may not advertise
the tracts for sale until after it has
assumed custody of the Turnpike Project.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst