NUMBER 13-04-530-CV

 

                                      COURT OF APPEALS

 

                            THIRTEENTH DISTRICT OF TEXAS

 

                              CORPUS CHRISTI - EDINBURG

 

 

 

PRESTON JEROME WHITE,                   Appellant,

 

                                                             v.

 

TEXAS DEPARTMENT OF
CRIMINAL JUSTICEB 

CORRECTIONAL
INSTITUTIONS DIVISION,                                                Appellee.

 

 

 

                                On appeal from the 36th
District Court

                                              of Bee
County, Texas.

 

 

 

                                 MEMORANDUM OPINION

 

                          Before Chief
Justice Valdez and Justices Rodriguez and Garza

Memorandum
Opinion by Justice Rodriguez

 








Appellant, Preston Jerome White, a prison
inmate, appeals pro se  and in forma
pauperis from the dismissal of his claims against the Texas Department of
Criminal JusticeBCorrectional Institutions Division (TDCJBCID).  By one issue, appellant contends that the
district court erred by dismissing his claim as frivolous under chapter 14 of
the Texas Civil Practice and Remedies Code. 
See Tex. Civ. Prac. &
Rem. Code Ann. '' 14.001-.014 (Vernon 2002).  Finding no abuse of discretion, we affirm.

I. 
Applicability of Chapter 14

By his sole issue, appellant first argues
that the trial court erred when it dismissed his petition pursuant to chapter
14 of the civil practice and remedies code because that chapter does not
apply.  See id.  Therefore, before addressing the merits of
his appeal, we must determine whether appellant's petition for judicial review
was a suit subject to the provisions of chapter 14 of the civil practices and
remedies code.

Appellant argues that, rather than
applying chapter 14, we should recognize the inherent right of appeal from an
administrative body.  We disagree.  The authority upon which appellant relies for
his inherent-right argument is Arlington Hotel and Motel Ass'n v. Howard
Johnson, Inc., 397 S.W.2d 555, 557 (Tex. Civ. App.BFort
Worth 1965, writ ref'd n.r.e.).  In Arlington
Hotel, the Fort Worth Court of Appeals wrote the following:

The
action of the Authority in leasing land for motor hotel purposes on land
acquired by the Authority by purchase was within the rights given the Authority
by the statute creating the Turnpike Authority.

 

The
action of the Authority was a governmental function carried out by an
administrative agency.

 








In City of Amarillo v. Hancock, 150
Tex. 231, 239 S.W.2d 788, [790] (1951), the Supreme Court held:  "When the legislature creates an
administrative agency, the legislature may prescribe rules and regulations
governing the administrative body and the method by which the rights determined
by such body shall be enforced.  Judicial
review of administrative action may be specifically provided, or specifically
denied by the legislature, but even where judicial review is specifically
provided it will be denied if the legislature requires the court to substitute
itself for the administrative body and perform purely administrative acts.  Or the legislature may simply be silent upon
the subject.  Although the legislature
specifically denies judicial review, decisions of an administrative body may be
attacked in court if they violate some provision of the State or Federal
Constitution.  But all other decisions of
such an administrative body which do not affect vested property rights or
otherwise violate some constitutional provision are valid, and the mere fact
that the legislature has denied judicial review does not invalidate them.  The corollary of this proposition is that
the courts should recognize an inherent right of appeal from an administrative
body created by an act silent on the question of appeal only where the
administrative action complained of violates a constitutional provision."

Id. (citations omitted) (emphasis
added).  We cannot conclude that Arlington
Hotel supports appellant's contention, and he provides nothing
further.  See Tex. R. App. P. 38.1(h) ("[T]he
brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.").  Thus, this arguments fails.

Relying on section 14.002, appellant also
argues that chapter 14 is inapposite because he is appealing an adverse
decision of an administrative agency or body pursuant to section 501.008 of the
government code, not from a "suit brought by an inmate."  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon 2002); Tex. Gov't Code Ann. '
501.008(d) (Vernon 2004).  Again, we
disagree.








Chapter 14 applies to a suit brought by an
inmate in district court in which an affidavit or unsworn declaration of
inability to pay costs is filed.  Tex. Civ. Prac. & Rem. Code Ann. '
14.002(a) (Vernon 2002).  Appellant is an
inmate in the custody of TDCJ-CID.  He
brought a suit in district court.  The
same day he filed suit, appellant also filed, in district court, an affidavit
requesting permission to proceed in forma pauperis.  Thus, we conclude chapter 14 applies in this
instance, and the trial court did not err when it applied chapter 14 to this
appeal from the adverse decision of an administrative agency brought pursuant
to section 501.008 of the government code.

II. 
Standard of Review

Pursuant to chapter 14, a court may
dismiss a claim if the court finds that the claim is frivolous.  See id. '
14.003(a)(2).  In this case the district
court ordered "that all claims against [TDCJ-CID] are hereby DISMISSED AS
FRIVOLOUS."  Section 14.003(b) lists
four factors that the court may consider when determining whether an action is
frivolous, including whether the claim has no arguable basis in law or in fact.  Id. ' 14.003(b)(2).  The proper standard of review for the
dismissal of a frivolous claim pursuant to chapter 14 is an abuse of
discretion.  Jackson v. Tex. Dep't of
Crim. Justice‑Inst. Div., 28 S.W.3d 811, 813 (Tex. App.BCorpus
Christi 2000, pet. denied).  Abuse of
discretion is determined by examining whether the trial court acted without
reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42
(Tex. 1985).

III. 
Relief Sought








Regarding the merits of this appeal,
although appellant alleges in his sole issue that TDCJ-CID did not have enough
evidence to convict him of the disciplinary violation, he is, in essence,
seeking relief for an allegedly defective hearing which is a challenge to the
fact and duration of his custody.[1]

If a
prisoner challenges a "single allegedly defective hearing," he
attacks, in essence, the fact and duration of his custody.  Whatever the nature of the relief he seeks
for an isolated violation, the prisoner must resort to habeas corpus and
exhaust state remedies.  On the other hand,
we have suggested that "a broad due process challenge" to a prison
disciplinary system would represent a challenge to conditions of confinement,
for which a civil rights remedy would be available.

 








Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983)
(citations omitted).  It is well settled
that if an inmate wishes to challenge a disciplinary conviction or punishment
that he receives while he is incarcerated, as in this case, he must file a
habeas corpus action in federal court.  See
id.; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)
(holding that the sole remedy in federal court for a prisoner seeking
restoration of good-time credits is a writ of habeas corpus); Ex parte
Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (en banc) (concluding
state courts will not entertain state habeas actions challenging violations of
prison disciplinary procedures).  We,
therefore, conclude appellant did not file his claim in the correct court, and
thus the claim has no arguable basis in law. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.003(b)(2) (Vernon 2002).  Since there is no viable claim, we conclude
the trial court did not abuse its discretion when it dismissed appellant's
claim as frivolous under section 14.003(b). 
See id. ' 14.003(b).

We overrule appellant's sole issue on
appeal.

IV. 
Conclusion

The judgment of the trial court is
affirmed.

 

NELDA V. RODRIGUEZ

Justice

 

Memorandum
Opinion delivered and

filed
this 15th day of June, 2006.

 

 

 











[1]Appellant asserts that the
record does not reflect whether the disciplinary findings affect the

fact and duration of his
confinement.  We disagree.  The TDCJ-CID disciplinary report and hearing
record, included in the appellate record, sets out that after appearing before
the disciplinary hearing staff member (DHSM) and entering a plea of not guilty,
appellant was found guilty and received the following punishment: (1) loss of
forty-five recreation days and forty-five commissary days; (2) fifteen solitary
days; and (3) a reduction in class from S4 to L2; and (4) 180 good time lost
(days).