NUMBER 13-05-197-CV

 

                                      COURT OF
APPEALS

 

                            THIRTEENTH DISTRICT
OF TEXAS

 

                              CORPUS CHRISTI -
EDINBURG

 

 

 

CLIFTON JONES,              Appellant,

 

                                                             v.

 

TEXAS
DEPARTMENT OF CRIMINAL JUSTICEB 

CORRECTIONAL
INSTITUTIONS DIVISION,                                                Appellee.

 

 

 

                               On appeal from
the 343rd District Court

                                              of
Bee County, Texas.

 

 

 

                                 MEMORANDUM
OPINION

 

                          Before Chief
Justice Valdez and Justices Rodriguez and Garza

Memorandum
Opinion by Justice Rodriguez

 








Appellant,
Clifton Jones, a prison inmate, appeals pro se  and in forma pauperis from the
dismissal of his claims against the Texas Department of Criminal JusticeBCorrectional Institutions Division
(TDCJ-CID).  By three issues, appellant
contends that the trial court erred by dismissing his claim under chapter 14 of
the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.001-.014 (Vernon 2002).  Finding no abuse of discretion, we affirm.

I.  Applicability of Chapter 14

By his
first and third issues, appellant complains that the trial court erred when it
dismissed his petition pursuant to chapter 14 of the civil practice and
remedies code.  See id.  Before addressing the merits of his appeal,
we must, therefore, determine whether appellant's petition for judicial review
was a suit subject to the provisions of chapter 14 of the civil practices and
remedies code.

Relying
on section 14.002, appellant argues that chapter 14 does not apply to his claim
because it "applies only to a suit brought by an inmate."  See id. '
14.002(a).  Appellant contends chapter 14
is inapposite because he is appealing an adverse decision of an administrative
agency or body pursuant to section 501.008 of the government code, not bringing
a suit.  See Tex. Gov't Code Ann. ' 501.008(d) (Vernon 2004).  We disagree.








Chapter
14 applies to a suit brought by an inmate in district court in which an
affidavit or unsworn declaration of inability to pay costs is filed.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon 2002).  Appellant is an inmate in the custody of TDCJBCID. 
Claiming his civil rights were violated, appellant brought suit in
district court pursuant to 42 U.S.C. ' 1983 and article 5, section 8 of the Texas
Constitution.  Specifically, appellant
alleged that TDCJBCID violated his rights to a fair and
impartial disciplinary hearing and to a fair and impartial administrative
review of the findings of that disciplinary hearing.  He sought injunctive relief and requested
that the district court vacate the final decision in his disciplinary
case.  The same day he filed suit,
appellant also filed, in district court, an affidavit requesting permission to
proceed in forma pauperis.  It is
undisputed that appellant is an inmate and that he filed suit proceeding pro se
and in forma pauperis; therefore, he is subject to the provisions of
chapter 14 of the civil practice and remedies code.

Appellant
also argues that, rather than applying chapter 14, we should recognize the
inherent right of appeal from an administrative body.  Again, we disagree.  The authority upon which appellant relies is Arlington
Hotel and Motel Ass'n v. Howard Johnson, Inc., 397 S.W.2d 555, 557 (Tex.
Civ. App.BFort Worth 1965, writ ref. n.r.e.).  In Arlington Hotel, the Fort Worth
Court of Appeals wrote the following:

The action of the Authority in leasing land
for motor hotel purposes on land acquired by the Authority by purchase was
within the rights given the Authority by the statute creating the Turnpike
Authority.

 

The action of the Authority was a
governmental function carried out by an administrative agency.

 








In City
of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788, [790] (1951), the
Supreme Court held:  "When the
legislature creates an administrative agency, the legislature may prescribe
rules and regulations governing the administrative body and the method by which
the rights determined by such body shall be enforced.  Judicial review of administrative action may
be specifically provided, or specifically denied by the legislature, but even
where judicial review is specifically provided it will be denied if the
legislature requires the court to substitute itself for the administrative body
and perform purely administrative acts. 
Or the legislature may simply be silent upon the subject.  Although the legislature specifically denies
judicial review, decisions of an administrative body may be attacked in court
if they violate some provision of the State or Federal Constitution.  But all other decisions of such an
administrative body which do not affect vested property rights or otherwise
violate some constitutional provision are valid, and the mere fact that the
legislature has denied judicial review does not invalidate them.  The corollary of this proposition is that
the courts should recognize an inherent right of appeal from an administrative
body created by an act silent on the question of appeal only where the
administrative action complained of violates a constitutional provision."

Id. (citations omitted) (emphasis
added).  We cannot conclude that Arlington
Hotel supports appellant's contention, and he does not develop his
contention further regarding the alleged violation, if any, of a constitutional
provision.[1]  See Tex.
R. App. P. 38.1(h) ("[T]he brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and
to the record.").  Thus, this
arguments also fails.

Accordingly,
we conclude the trial court did not err when it applied chapter 14 of the civil
practice and remedies code to this appeal from the adverse decision of an
administrative agency that appellant brought pursuant to section 501.008 of the
government code.  Appellant's first and
third issues are overruled.

II.  Standard of Review








Chapter
14 provides that a court may dismiss a claim if the court finds that the claim
is frivolous.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002).  Section 14.003(b) lists factors that the
court may consider when determining whether an action is frivolous, including
whether the claim has no arguable basis in law or in fact.  Id. '
14.003(b)(2).  The proper standard of
review for the dismissal of a frivolous claim pursuant to chapter 14 is an
abuse of discretion.  Jackson v. Tex.
Dep't of Crim. Justice‑Inst. Div., 28 S.W.3d 811, 813 (Tex.
App.BCorpus Christi 2000, pet. denied).  Abuse of discretion is determined by
examining whether the trial court acted without reference to any guiding rules
and principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).

III.  Relief Sought

By his
second issue, appellant complains that the trial court erred by dismissing his
petition in view of the fact that he has no remedy by way of habeas
corpus.  However, the Fifth Circuit has
concluded the following:

If a
prisoner challenges a "single allegedly defective hearing," he
attacks, in essence, the fact and duration of his custody.  Whatever the nature of the relief he seeks
for an isolated violation, the prisoner must resort to habeas corpus and
exhaust state remedies.  On the other
hand, we have suggested that "a broad due process challenge" to a
prison disciplinary system would represent a challenge to conditions of
confinement, for which a civil rights remedy would be available.








Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983) (citations
omitted).  It is well settled that if an
inmate wishes to challenge a disciplinary conviction or punishment that he
receives while he is incarcerated, as in this case, he must file a habeas
corpus action in federal court.  See
id.; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)
(holding that the sole remedy in federal court for a prisoner seeking
restoration of good-time credits is a writ of habeas corpus); Ex parte
Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (en banc) (concluding
state courts will not entertain state habeas actions challenging violations of
prison disciplinary procedures).

Appellant
claims that he was denied a fair and impartial disciplinary hearing and seeks
to have the findings of his disciplinary case vacated.  He argues that his punishment, the loss of
fifteen days of good time credit and a loss in line classification, does not
implicate the duration of his confinement because, as a 3G offender, he is
ineligible for release under mandatory supervision laws.  The issue, however, is not how the loss of
good time and line classification affect appellant's mandatory supervision
release, but rather that they directly implicated the duration of appellant's
confinement through his eligibility for parole release.

At the
hearing on the State's motion to dismiss, while claiming "[t]he overturn
of a disciplinary case would not cause me to be released early at all,"
appellant also stated that "[t]his stops me because of my parole.  This bogus case that was written against me
is on top of my parole file.  It applies
to my parole eligibility to meet parole. 
It doesn't have anything to do with my release because of my mandatory
supervision time frame."  He also
responded that "it affects my parole eligibility," and "they
made me ineligible to meet the parole requirements to have the interview with
the parole board."








While
appellant argues that he is seeking review of the administrative findings on
appeal from the disciplinary hearing staff's findings of guilt, he is,
in essence, seeking relief for an allegedly defective hearing which is a
challenge to the fact and duration of his custody. 
Appellant's claim implicates the duration of his sentence.

We
conclude, therefore, appellant did not file his claim in the correct court, and
the claim has no arguable basis in law.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.003(b)(2) (Vernon 2002).  Since there is no viable claim, the trial
court did not abuse its discretion when it dismissed appellant's claim.

We
overrule appellant's second issue on appeal.

IV.  Conclusion

The
judgment of the trial court is affirmed.         

 

NELDA V. RODRIGUEZ

Justice

 

Memorandum Opinion delivered and

filed this 15th day of June, 2006.

 











[1]Appellant also relies on Bohannon
v. TDCJ-ID, 942 S.W.2d 113 (Tex. App.BAustin 1997, writ

denied) (per curiam).  However, in Bohannon, the challenge is
to the substance of a rule of the Texas Board of Criminal Justice that applied
to any inmate or to an action taken under the rule.  Id. at 117 (citing Tex. Gov't Code Ann. ' 2001.238 (West
1997)).  Such is not the case in the
present appeal; therefore, appellant's reliance on Bohannon is
misplaced.